UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHANNON CARTER,<br><br>                  Plaintiff,<br><br>v.<br><br><br>RENEE BAKER, *et al.,*<br><br>                  Defendants. | 3:16-cv-00481-MMD-VPC<br><br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion to dismiss (ECF No. 18). Plaintiff opposed (ECF No. 20), and defendants replied (ECF No. 22). For the reasons stated below, the court recommends that defendants' motion to dismiss (ECF No. 18) be denied in part and granted in part, as detailed below.

        **I.**        **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Shannon Carter ("plaintiff") is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), incarcerated at Ely State Prison ("ESP") at all times relevant to this action. (ECF No. 6 at 1.) Pursuant to 42 U.S.C. § 1983, plaintiff brings a civil rights claim against NDOC Director James G. Cox, Deputy Director Sheryl L. Foster, ESP Warden Renee Baker, ESP Associate Warden Michael Fletcher, and ESP Associate Warden Harold M. Byrne. (*Id.*)

Plaintiff's alleges generally that from October 28, 2014 through July 27, 2015, he was housed in a twenty-three-hour lockdown unit at ESP. (*Id.* at 2.) According to plaintiff, ESP does not provide inmates housed in the lockdown unit with physical access to the law library, nor does ESP provide these inmates with persons trained in the law to assist them. (*Id.*) Instead, it is ESP's

policy[1] that inmates housed in the lockdown units must use a "paging system," which requires inmates to list an exact citation and specific case number to access legal materials. (*Id.*)

In Count I, plaintiff claims that the use of the paging system as his sole means to access legal materials while he was in the lockdown unit violated his First Amendment right to access the courts. (*Id.* at 3.) During that time, the paging system restricted his ability to locate and research case law related to his direct criminal appeal to the Nevada Supreme Court. (*Id.*) In turn, the paging system "impeded and hindered" plaintiff from "appropriately" raising a breach of plea and plain error argument, which he asserts he would have been able to prove if he had access to a "reasonable amount of research and case law." (*Id.*) The paging system also prevented plaintiff from "appropriately" raising his actual innocence claim to the Nevada Supreme Court on direct appeal. (*Id.* at 4.)

Additionally, in Count II, plaintiff claims that ESP's law library policy for inmates held in Unit 8(B) violated his First Amendment Right to access the courts. (*Id.* at 6.) According to plaintiff, he was relocated from the twenty-three-hour lockdown unit to ESP's Unit 8(B) on July 27, 2015 up until November 13, 2015. (*Id.* at 5.) Unlike the lockdown unit, ESP permitted inmates in Unit 8(B) to physically access the law library. (*Id.*) However, this access was restricted to three hours at a time, one time per week, and inmates were not otherwise permitted to receive any legal material throughout the week. (*Id.*) Inmates with urgent needs were not permitted access to the law library or provided any other means to access the law library before their assigned time. (*Id.*) This limitation on the use of the law library prevented plaintiff from filing a timely and meaningful response to an order to show cause in his federal post-conviction habeas case, and consequently, his case was dismissed. (*Id.* at 6.)

With respect to the involvement of the named defendants, plaintiff alleges the following: Cox knew about ESP's law library issues through multiple grievances and lawsuits. (*Id.* at 7.) Foster knew about the law library issues because she denied grievances and upheld policies

---

[1] While much of plaintiff's complaint contains passively constructed sentences that fail to identify the actor responsible for the alleged violations, plaintiff makes clear on page six that he is challenging ESP "law library policies" that restricted his access to legal materials. (ECF No. 6 at 6.)

supporting the paging system. (*Id.*) Finally, Baker, Fletcher, and Byrne supported and enforced the law library policies directly. (*Id.*) Plaintiff sues Cox in his individual and official capacity, and sues the remaining defendants in their official capacities. He seeks prospective injunctive relief to remedy ESP's allegedly unconstitutional law library policy, and "such other relief as it may appear that plaintiff is entitled." (*Id.* at 8.)

On June 6, 2017, the District Court screened plaintiff's complaint and determined that he could proceed with his Count I and Count II claims that defendants denied his right of access to the courts. (ECF No. 5.) Plaintiff's filed a motion to dismiss (ECF No. 18), plaintiff opposed (ECF No. 20), and plaintiff replied (ECF No. 22). This report and recommendation follows.

## II.   LEGAL STANDARD

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6). The ruling is a question of law. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). The court is to grant dismissal when the complaint fails to "state a claim for relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or fails to articulate a cognizable legal theory, *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). When analyzing a motion under Rule 12(b)(6), courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the complaint states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). While detailed factual allegations are not necessary, the complaint must offer more than "a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, and include sufficient facts "to give fair notice and to enable the opposing party to defend itself effectively," *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In conducting the dismissal analysis, the complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Sys./Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). Moreover, the court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

### III.     DISCUSSION

**A.     Civil Rights Claims Under § 1983**

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert*, 526 U.S. 286, 290 (1999), and therefore "serves as the procedural device for enforcing substantive provisions of the Constitution and federal statutes," *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require a plaintiff to allege (1) the violation of a federally-protected right by (2) a person or official acting under the color of state law. *Warner*, 451 F.3d at 1067. Further, to prevail on a § 1983 claim, the plaintiff must establish each of the elements required to prove an infringement of the underlying constitutional or statutory right.

**B.     Eleventh Amendment**

Defendants contend that plaintiff's claims for damages brought against defendants in their official capacities should be dismissed under the Eleventh Amendment. (ECF No. 18 at 3.) Plaintiff counters that he never requested monetary damages and, therefore, defendants' argument is without merit. (ECF No. 20 at 2.). In response, defendants point to plaintiff's request for "such other relief as it may appear that plaintiff is entitled," and appear to ask the court to limit this request for relief to injunctive and declaratory relief only. (ECF No. 22 at 2; *see* ECF No. 6 at 8.) While this language is broad, it is self-limiting. Plaintiff does not explicitly request damages from defendants sued in their official capacities, nor is plaintiff "entitled" to damage liability from such defendants. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). Therefore, the court recommends that defendants' motion to dismiss plaintiff's official capacity claims for damages be denied as there are no such claims before the court

.

### C. Personal Participation

In his complaint, plaintiff alleges that "all defendants in the instant action are aware of and/or the direct cause of and/or support and enforce these policies under color of state law." (ECF No. 6 at 6.) Defendants contend that plaintiff's claim against defendants must be dismissed because plaintiff fails to allege that defendants personally participated in violating plaintiff's First Amendment right of access to the courts. (ECF No. 18 at 3-4.)

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior.*" *Iqbal,* 556 U.S. at 676. Like any other governmental employee, an official acting in a supervisory capacity may be liable if he or she was personally involved in a constitutional deprivation, or there is a sufficient causal connection between his or her wrongful conduct and the deprivation. *Henry A. v. Willden*, 678 F.3d 991, 1004–05 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011)). For a supervisor, such wrongful conduct may include "'action or inaction in the training, supervision, or control of his [or her] subordinates . . . .'" *Id.* (quoting *Watkins v. City of Oakland*, 145 F.3d 1087, 1083 (9th Cir. 1998)). The causal link must be specifically alleged; vague and conclusory allegations concerning the involvement of officials in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979).

Here, plaintiff's claim against Cox in his personal capacity must fail because he alleges only that Cox knew or should have known about the constitutional issues with ESP's law library policy. He does not allege that Cox, as NDOC Director, implemented, enforced, or ratified ESP's law library policy, or otherwise personally participated in denying plaintiff access to the courts. Rather, it appears that plaintiff impermissibly seeks to hold Cox personally liable simply by virtue of his duties as an NDOC supervisor. Accordingly, the court recommends that plaintiff's claims against Cox in his personal capacity be dismissed.

However, a plaintiff is not required to allege the personal involvement of a state official when the plaintiff attacks a state policy on federal grounds; all that is required is that the complaint

5

name an official, in his official capacity, who could appropriately respond to a court order on injunctive relief should one ever be issued. *AZ Students' Ass'n v. AZ Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016) (holding district court should have granted plaintiffs leave to amend to bring challenge to Arizona Board of Regents' ("ABOR") unconstitutional policy against *officers of ABOR* in their official capacities, rather than ABOR itself); *see Hoptowit v. Spellman,* 753 F.2d 779 (9th Cir. 1985) (permitting an official capacity, injunctive relief suit to continue against an official's successors despite objection that the successors had not personally engaged in the same practice that had led to the suit); FED. R. CIV. P. 25(d). "To bring such a claim, the plaintiff must identify a practice, policy, or procedure that animates the constitutional violation at issue." *AZ Students' Ass'n*, 824 F.3d 865; *Hafer v. Melo,* 502 U.S. 21, 25 (1991).

Plaintiff seeks to enjoin two allegedly unconstitutional ESP policies regarding inmate access to legal materials—the "paging system" that inmates in twenty-three-hour lockdown are relegated to, as well as the limited once-a-week access that ESP provides inmates in Unit 8(B). (ECF No. 20 at 2.) In his response to defendants' motion to dismiss, plaintiff specifies that he is challenging NDOC Administrative Regulation 7.22. (*Id.*) The court takes judicial notice of NDOC Administrative Regulation 100, which states that the NDOC Director and Deputy Directors, along with other officials, "will be responsible for policy development" and that the Director "make[s] the final decision regarding all policies," including the Administrative Regulations. NEV. DEPT. OF CORR., ADMINISTRATIVE REGULATION 100 at 1 (2016). Without venturing into a more fact-intensive inquiry that would trigger the notice requirements of *Klingele v. Elkenberry*, 849 F.2d 409 (9th Cir. 1988), the court finds that NDOC Deputy Director Sheryl Foster is appropriately named as a defendant in her official capacity for purposes of implementing any prospective injunctive relief the court may grant. The same is true of the NDOC Director; however, the court must order the substitution of former NDOC Director James Cox for current NDOC Director James Dzurenda.[2] FED. R. CIV. P. 25(d).

---

[2] The court takes judicial notice that James Dzurenda currently holds the office of NDOC Director. *See* http://doc.nv.gov/About/Director/Home/

6

Further, plaintiff alleges that Baker, Fletcher, and Byrne enforced the allegedly unconstitutional law library policies. By the same token, they necessarily must be able to refrain enforcing these policies should the court grant plaintiff's requested injunctive relief; therefore, they are appropriately named as defendants in their official capacities. Moreover, plaintiff's allegation that Baker, Fletcher, and Byrne enforced the unconstitutional law library policies is sufficient to satisfy the personal participation requirement defendants rely on in their motion to dismiss. *See Ex parte Young,* 209 U.S. 123, 161 (1908) (attorney general's enforcement of unconstitutional state statute made him a proper party to suit).

Defendants attempt to apprise the court of their respective job duties and personal involvement, (ECF No. 22 at 3), but whether defendants are actually able to appropriately respond to the court's order on injunctive relief is an evidentiary matter that the court will not explore further at the motion to dismiss stage. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) (with the exception of materials subject to judciail notice, district court may not consider materials outside the complaint and the pleadings); *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1071 (9th Cir. 2012) ("The scope and content of a [litigants] job responsibilities is a question of fact."). Accordingly, the court recommends that defendants' motion to dismiss be denied to the extent that it seeks to dismiss all defendants in their official capacities, but granted as to James Cox in his personal capacity for lack of personal involvement.

### IV. CONCLUSION

For good cause appearing and for the reasons stated above, the court recommends that defendants' motion to dismiss (ECF No. 18) be granted as to Cox in his personal capacity because plaintiff fails to allege that Cox personally participated in denying plaintiff access to the courts. The court further recommends that defendants' motion to dismiss (ECF No. 18) be denied as to remaining defendants in their official capacities because they may enforce the prospective injunctive relief plaintiff seeks, should the court find in plaintiff's favor. Finally, the court recommends that current NDOC Director James Dzurenda replace Cox in this proceeding, as required by Federal Rule of Civil Procedure rule 25(d).

The parties are advised:

1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V.     RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss (ECF No. 18) be **GRANTED** as to James Cox in his personal capacity;

**IT IS FURTHER RECOMMENDED** that defendants' motion to dismiss (ECF No. 18) **DENIED** as to all remaining defendants;

**IT IS FURTHER RECOMMENDED** that Cox, to the extent he is sued in his official capacity, be replaced by current NDOC Director James Dzurenda as a defendant in this action.

**DATED**: May 3, 2018.

_____
**UNITED STATES MAGISTRATE JUDGE**