| | |
|---|---|
| 1  ADAM PAUL LAXALT<br>    Nevada Attorney General<br>2  HEATHER B. ZANA, Bar No. 8734<br>    Deputy Attorney General<br>3  State of Nevada<br>    Bureau of Litigation<br>4  Public Safety Division<br>    100 N. Carson Street<br>5  Carson City, NV  89701-4717<br>    Tel: (775) 684-1261<br>6  E-mail: hzana@ag.nv.gov<br><br>7  *Attorneys for Defendants*<br>    *Renee Baker, Harold Byrne,*<br>8  *Sheryl Foster and James Dzurenda* |  |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

SHANNON CARTER,

    Plaintiff,

vs.

RENEE BAKER, et al.,

    Defendants.

Case No. 3:16-CV-00481-MMD-CBC

**DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO OPPOSE PLAINTIFF'S TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (FIRST REQUEST)**

Defendants, Renee Baker, Harold Byrne, Sheryl Foster and James Dzurenda, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Heather B. Zana, Deputy Attorney General, hereby file their motion for enlargement of time to oppose Plaintiff's motion for temporary restraining order or alternatively, preliminary injunction. This motion is made and based on the enclosed Memorandum of Points and Authorities and all the papers and pleadings on file.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  PROCEDURAL HISTORY AND INTRODUCTION**

This is a pro se prisoner action brought by Plaintiff Shannon Carter #70773 (Plaintiff), against Nevada Department of Corrections (NDOC) Director James Dzurenda (substituted for James G. Cox), Deputy Director Sheryl L. Foster, Warden Renee Baker, and Associate Warden Harold M. Byrne for events that took place while he was incarcerated in Ely State Prison (ESP). (ECF No. 6) Plaintiff is allowed to go forward with two counts of denial of access to the courts based on the paging system (Count I) and the Unit 8(B) restrictions (Count II). (ECF No. 5 at 4:23-28).

Due to staffing turnover and changes within defense counsel's office, counsel currently has multiple obligations in the next few weeks, due to assignment of new cases including multiple oppositions, motions and travel to and from an out of town deposition. Additionally, defense counsel is still waiting on documentation and a declaration in order to respond and/or oppose Plaintiff's motion. Therefore, it will now be very difficult to complete an opposition to Plaintiff's motion prior to the current September 4, 2018, deadline. For these reasons, Defendants respectfully request an extension of time to file a response/opposition to Plaintiff's motion in this case, requesting an extension from September 4, 2018, to September 20, 2018, so that counsel has time to sufficiently complete her upcoming assignments, receive the necessary documentation and then has time to adequately prepare a response/opposition to Plaintiff's motion in this case with the necessary briefing and exhibits.

## II. APPLICABLE LAW AND ARGUMENT

Fed R. Civ. P. 6(b)(1) provides in pertinent part:

When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires...

See Fed. R. Civ. P. 6(b)(1)(A).

This Court has discretion to enlarge time "for cause shown ... if request therefor is made before the expiration of the period originally prescribed." NRCP 6(b)(1). This Motion for Enlargement of Time is timely filed, and this Court may enlarge time "for cause shown." NRCP 6(b)(1). Defense counsel believes additional time is needed. Therefore, Defendants request the additional time until September 20, 2018, to file their Opposition to Plaintiff's Motion.

To the extent that this Court concludes this Motion for Enlargement of Time is not timely filed this Court has discretion to enlarge time "upon motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect." NRCP 6(b)(2). A party may demonstrate excusable neglect by showing "that (1) it acted in good faith, (2) it exercised due diligence, (3) there is a reasonable basis for not complying within the specified time, and (4) the nonmoving party will not suffer prejudice." Moseley v. Eighth Judicial Dist. Court, 124 Nev. 654, 668, 188 P.3d 1136,

1146 (2008). Defense Counsel acted in good faith and requested documentation and a declaration timely, but has yet to receive these documents. Even if this Motion for Enlargement of Time is not timely filed, enlarging time is appropriate. *See id.;* see also *Huckabay Props., Inc. v. NC Auto Parts, LLC*, 130 Nev. Adv. Op. 23, 322 P.3d 429, 433 (2014) (recognizing "the sound policy preference for deciding cases on the merits").

### III. CONCLUSION

Based upon the foregoing, Defendants' respectfully requests the Court grant Defendants' Motion for Enlargement of Time up to and including September 20, 2018.

DATED this 4th day of September, 2018.

ADAM PAUL LAXALT
Attorney General

By: _____
HEATHER B. ZANA
Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division

*Attorneys for Defendants*

IT IS SO ORDERED

_____
U.S. MAGISTRATE JUDGE
DATED: 9/11/2018

1 | **CERTIFICATE OF SERVICE**

2 | I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that
3 | on this 4th day of September, 2018, I caused to be deposited for mailing in the U.S. Mail a copy of the
4 | foregoing, **DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO OPPOSE**
5 | **PLAINTIFF'S TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**
6 | **(FIRST REQUEST)**, to the following:

7 | SHANNON CARTER #70773
8 | HIGH DESERT STATE PRISON
   | P O BOX 650
9 | INDIAN SPRINGS NV 89070

10

11 | _____
12 | An employee of the
   | Office of the Attorney General