1 | ADAM PAUL LAXALT
  |   Nevada Attorney General
2 | HEATHER B. ZANA, Bar No. 8734
  |   Deputy Attorney General
3 | State of Nevada
  | Bureau of Litigation
4 | Public Safety Division
  | 100 N. Carson Street
5 | Carson City, NV 89701-4717
  | Tel: (775) 684-1261
6 | E-mail: hzana@ag.nv.gov



7 | *Attorneys for Defendants*
  | *Renee Baker, Harold Byrne,*
8 | *Sheryl Foster and James Dzurenda*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

*ORDER*

| SHANNON CARTER, | Case No. 3:16-CV-00481-MMD-CBC |
|---|---|
|     Plaintiff, | |
| vs. | **DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO OPPOSE PLAINTIFF'S MOTION REQUESTING TO BE EXCUSED FROM BEING ABLE TO SERVE DEFENDANTS WITH COPY OF FIRST AMENDMENT (ECF No. 40) (FIRST REQUEST)** |
| RENEE BAKER, et al., | |
|     Defendants. | |

Defendants, Renee Baker, Harold Byrne, Sheryl Foster and James Dzurenda, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Heather B. Zana, Deputy Attorney General, hereby file their motion for enlargement of time to oppose Plaintiff's motion requesting to be excused from being able to serve Defendants with copy of first amendment. (ECF No. 40). This motion is made and based on the enclosed Memorandum of Points and Authorities and all the papers and pleadings on file.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.  PROCEDURAL HISTORY AND INTRODUCTION

This is a pro se prisoner action brought by Plaintiff Shannon Carter #70773 (Plaintiff), against Nevada Department of Corrections (NDOC) Director James Dzurenda (substituted for James G. Cox), Deputy Director Sheryl L. Foster, Warden Renee Baker, and Associate Warden Harold M. Byrne for events that took place while he was incarcerated in Ely State Prison (ESP). (ECF No. 6) Plaintiff is

allowed to go forward with two counts of denial of access to the courts based on the paging system (Count I) and the Unit 8(B) restrictions (Count II). (ECF No. 5 at 4:23-28).

Defense counsel is out of the office on emergency family medical leave and unable to adequately review documents within this case or respond to outstanding motions from Plaintiff. Therefore, it will now be very difficult to complete an opposition to Plaintiff's motion prior to the current September 18, 2018, deadline. For these reasons, Defendants respectfully request an extension of time to file a response/opposition to Plaintiff's motion in this case, requesting an extension from September 18, 2018, to October 5, 2018, so that counsel has time to get back in the office and sufficiently review documents and this case in order to adequately prepare a response/opposition to Plaintiff's motion in this case with the necessary briefing and exhibits.

## II. APPLICABLE LAW AND ARGUMENT

Fed R. Civ. P. 6(b)(1) provides in pertinent part:

When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires...

See Fed. R. Civ. P. 6(b)(1)(A).

This Court has discretion to enlarge time "for cause shown ... if request therefor is made before the expiration of the period originally prescribed." NRCP 6(b)(1). This Motion for Enlargement of Time is timely filed, and this Court may enlarge time "for cause shown." NRCP 6(b)(1). Defense counsel believes additional time is needed. Therefore, Defendants request the additional time until October 5, 2018, to file their Opposition to Plaintiff's Motion.

To the extent that this Court concludes this Motion for Enlargement of Time is not timely filed this Court has discretion to enlarge time "upon motion made after the expiration of the specified period . . . where the failure to act was the result of excusable neglect." NRCP 6(b)(2). A party may demonstrate excusable neglect by showing "that (1) it acted in good faith, (2) it exercised due diligence, (3) there is a reasonable basis for not complying within the specified time, and (4) the nonmoving party will not suffer prejudice." Moseley v. Eighth Judicial Dist. Court, 124 Nev. 654, 668, 188 P.3d 1136,

1146 (2008). Defense Counsel acted in good faith and if not for a medical emergency would have responded timely. Even if this Motion for Enlargement of Time is not timely filed, enlarging time is appropriate. *See id.;* see also *Huckabay Props., Inc. v. NC Auto Parts, LLC*, 130 Nev. Adv. Op. 23, 322 P.3d 429, 433 (2014) (recognizing "the sound policy preference for deciding cases on the merits").

## III. CONCLUSION

Based upon the foregoing, Defendants' respectfully requests the Court grant Defendants' Motion for Enlargement of Time up to and including October 5, 2018.

DATED this 18th day of September, 2018.

                    ADAM PAUL LAXALT
                    Attorney General

By: _____
     HEATHER B. ZANA
     Deputy Attorney General
     State of Nevada
     Bureau of Litigation
     Public Safety Division

*Attorneys for Defendants*

IT IS SO ORDERED

_____
U.S. MAGISTRATE JUDGE

DATED: 9/28/2018

3

## CERTIFICATE OF SERVICE

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 18th day of September, 2018, I caused to be deposited for mailing in the U.S. Mail a copy of the foregoing, **DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO OPPOSE PLAINTIFF'S MOTION REQUESTING TO BE EXCUSED FROM BEING ABLE TO SERVE DEFENDANTS WITH COPY OF FIRST AMENDMENT (ECF No. 40) (FIRST REQUEST)**, to the following:

SHANNON CARTER #70773
HIGH DESERT STATE PRISON
P O BOX 650
INDIAN SPRINGS NV 89070

_____
An employee of the
Office of the Attorney General